# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CRC DISTRIBUTING, LLC, | CIVIL ACTION |
| VERSUS | NO. 19-09324 |
| PHIL'S CAKE BOX BAKERIES, INC., d/b/a ALESSI'S BAKERIES and PHIL ALESSI, JR. | SECTION: T(2) |

## ORDER

Before the Court is a Motion for Partial Summary Judgment filed by CRC Distributing, Inc. seeking a judgment against Phil's Cake Box Bakeries, Inc. and Phil Alessi, Jr..[1] Defendants filed a response in opposition.[2] For the following reasons, Plaintiff's Motion for Partial Summary Judgment[3] is **DENIED**.

## FACTS AND PROCEDURAL HISTORY

This suit involves claims for breach of contract and trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114 *et seq.,* the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, and related state law claims between Plaintiff ("CRCD"), a Louisiana company engaged in the sale of King Cakes, and Defendants, a Florida-based commercial bakery ("Alessi") and its CEO, Phil Alessi, Jr.[4] Pursuant to accounts with retailers, CRCD outsources the production, packaging, and shipping of its King Cakes to contract packers ("copackers") in accordance with its recipe and specifications. In late 2016, CRCD entered discussions regarding contracting with Mr. Alessi's bakery as a copacker. The parties eventually executed two related instruments, a Mutual Non-

---

[1] R. Doc. 75.
[2] R. Doc. 93.
[3] R. Doc. 75.
[4] Mr. Alessi serves as Chief Executive Officer of Phil's Cake Box Bakery, Inc., which operates under the name Alessi Bakeries.

1

Disclosure and Non-Compete Agreement (the "Non-Disclosure Agreement") and a Production and Supply Agreement (the "Production Agreement") for the 2019 Mardi Gras season.

The parties thereafter began laying the groundwork under the terms of the Production Agreement. CRCD provided Alessi with the initial recipe, and the parties worked to develop an efficient cake recipe that could be frozen and shipped. CRCD also purchased high-performance bakery machinery for Alessi totaling $252,435.00, to be repaid, interest free, through a small reduction in the price of each cake Alessi charged for production. In the ensuing months of 2017, CRCD contends that Alessi produced King Cakes for Publix in violation of the Production Agreement's exclusivity provision, which states: "Alessi will not produce for, ship to, sell or otherwise transfer any Product (whether or not identical to the Specification) to any person or entity other than CRCD unless specifically authorized in writing by CRCD."[5] CRCD claims that Alessi "acknowledged the violation and stated it was a mistake," and agreed to stop production of the Publix King Cakes.[6]

In July 2018, CRCD asserts that it received an order for 426,000 King Cakes from Walmart with an expected total of 500,000 cakes for the 2019 season. In their complaint, CRCD declares that Alessi fell short of that number by more than 150,000 cakes. CRCD claims that Alessi disregarded its contractual obligation to package and sell King Cakes exclusively to CRCD by voluntarily stopping production of CRCD's Walmart order so that Alessi could sell "almost identical" King Cakes to its own client, Publix, without authorization. CRCD further claims that Alessi's breach caused CRCD to eventually lose its account with Walmart. Plaintiff's complaint alleges six separate causes of action.[7] In this Motion, Plaintiff moves for summary judgment on

---

[5] R. Doc. 75 at 3; *see also* Production and Supply Agreement, R. Doc. 75, Attachment 6 at 3.
[6] R. Doc. 19 at 4.
[7] *Id*. at 6-17.

Count II, Breach of Contract against Alessi Bakeries, and Count V, Unjustified Interference with Contractual Relations against Mr. Alessi.

Alessi refutes CRCD's factual and legal assertions as "wholly without evidentiary support in the record."[8] Alessi first contends that the Production Agreement is unenforceable because there was no "meeting of the minds" as to its essential material terms, arguing specifically that the Production Agreement does not specify what goods are to be "exclusively" produced for CRCD. Second, Alessi argues that even if the Production Agreement were enforceable, a genuine issue of material fact exists as to whether CRCD orally modified the Production Agreement and approved of Alessi's sale of King Cakes to other customers. Regarding the Walmart account, Alessi argues that there is a genuine dispute as to whether it failed to perform under the agreement based on the record and CRCD's own shortcomings. Finally, Alessi argues that CRCD has improperly moved for summary judgement on Count V because the claim is not framed by the pleadings.[9]

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] When assessing whether a dispute as to any material fact exists, the court considers "all the evidence in the record but refrains from making credibility determinations or weighing the evidence."[11] All reasonable inferences are drawn in the favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[12] The party seeking summary judgment bears the burden of

---

[8] R. Doc. 93 at 1.
[9] CRCD pled tortious interference with respect to the Production Agreement; the instant motion alleges Mr. Alessi interfered with the Walmart contract. *See* R. Doc. 93 at 17.
[10] Fed. R. Civ. P. 56(a).
[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[12] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

demonstrating the absence of a genuine issue of material fact.[13] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[14]

1. **Breach of Contract**

CRCD first claims that it is entitled to summary judgment on breach of contract. The Complaint states that Alessi breached the Production Agreement by failing to provide the required number of King Cakes for the 2019-2020 season. CRCD attributes these delivery shortages to Alessi "diverting cake product from [CRCD] to one of Alessi's customers" in violation of the Production Agreement. This agreement provides that "Alessi agrees to manufacture, produce, inspect, package and sell the Products exclusively to CRCD,"[15] and further prohibits Alessi from producing or selling any King Cakes unless specifically authorized in writing by CRCD.[16] CRCD maintains that, by selling King Cakes to Publix, Alessi breached both the Production Agreement and the Non-Disclosure Agreement. Alessi does not deny that it sold King Cakes to Publix, but it maintains that such sales were permissible because CRCD's representative orally agreed to allow Alessi to sell King Cakes to other customers so long as Alessi used different packaging and removed all references to CRCD and the NOLA Brand.[17]

Regarding the sales to Publix, the issue is whether Alessi's oral modification allegation creates a contested issue of material fact to preclude summary judgment. Louisiana law holds that contracts may be modified by oral agreement and the conduct of parties even when the written contract specifies that changes must be in writing.[18] A dispute over a material fact is genuine "if

---

[13] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[14] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[15] R. Doc. 19 at 8.
[16] *Id.*
[17] R. Doc. 93 at 10.
[18] *Aqua Pool Renovations, Inc. v. Paradise Manor Community Club, Inc.*, 04-119 (La. App. 5 Cir. 7/27/04), 880 So.2d 875, 880 (citing *Rhodes Steel Buildings, Inc. v. Walker Construction Company*, 35,917 (La.App. 2 Cir. 4/3/02), 813 So.2d 1171, 1177).

the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[19] For summary judgment purposes, the party asserting the modification must show there is a genuine issue of material fact as to whether there was an agreement to modify the agreement.[20]

Here, Alessi contends that Robert Gadola—CRCD's Chief Operating Officer—and Mr. Alessi discussed the possibility of selling King Cakes to Publix from the outset of the relationship.[21] Highlighting the depositions of Mr. Gadola, Mr. Alessi, and the relevant pleadings, Alessi declares that Mr. Gadola expressly authorized the sale of King Cakes to Publix.[22] The Court thus finds there to be a genuine dispute as to whether the parties orally modified the Production Agreement's exclusivity provision, a material fact that, if true, would prevent Plaintiff from recovering.

Regarding CRCD's argument that Alessi breached by failing to meet the delivery requirements by more than 150,000 King Cakes, the Court finds that the record lacks sufficient evidence to support this claim on summary judgment. Despite CRCD and Mr. Gadola's claim that CRCD submitted an order for 500,000 King Cakes in December 2018, the record only identifies 373,450 individual King Cakes ordered by CRCD.[23] Considering the arguments and testimony presented by Alessi regarding CRCD's own missteps and Alessi's accounting that it produced 344,500 cakes, the Court finds a genuine dispute as to whether Alessi failed to perform.[24] Accordingly, the Motion is denied with respect to breach of contract.

---

[19] *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir.1998) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[20] *Taita Chem. Co., Ltd. v. Westlake Styrene Corp.*, 246 F.3d 377, 387 (5th Cir.2001).
[21] R. Doc. 93 at 9-10.
[22] *See* R. Doc. 93 at 10.
[23] *See* Bolner Deposition, R. Doc. 75-7 at 442-458.
[24] *See* R. Doc. 93, footnote 48. Alessi notes that of the original 373,450 King Cakes ordered, Alessi produced 344,500 cakes. Upon subtracting order cancellations and cakes lost due to transportation issues caused by other actors, Alessi delivered 99.99% of the purchase order.

5

## 2. Intentional Interference with a Contract Against Mr. Alessi

Plaintiff also seeks summary judgment on Count V for intentional interference with a contract against Mr. Alessi.[25] A corporate officer may be found liable for intentional and unjustified interference with contractual relations upon the establishment of five essential elements: (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the officer; and (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer.[26] Upon review, the Complaint recounts the negotiation, communications, and events leading up to the signing of the Non-Disclosure and Production Agreements.[27] The Court agrees with Alessi's argument that the Complaint does not plead tortious interference with respect to the Walmart contract, but instead pleads that Mr. Alessi tortiously interfered with the Non-Disclosure Agreement and Production Agreement executed by CRCD and Alessi.[28] Because the Motion raises a claim different than that contained in the Complaint, the Motion with respect to Count V is denied.

---

[25] R. Doc. 19 at 15.
[26] *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d 228, 234-35 (La. 1989).
[27] *See e.g.* R. Doc. 19 at 15-16.
[28] *Id*. at 16, "Phil Alessi caused Alessi to breach both Agreements."

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Summary Judgment[29] is **DENIED.**

New Orleans, Louisiana, on this __28th__ day of June, 2021.

*[Signature]*
_____
**GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE**

---

[29] R. Doc. 75.